**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Henry Guice**, | Bankruptcy No. 17-34515 |
| Debtor. | Honorable Pamela S. Hollis |

**COVER SHEET FOR FINAL FEE APPLICATION OF**
**FACTORLAW FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Peter N. Metrou, Chapter 7 Trustee for the estate of Henry Guice |
| Period for Which Compensation is Sought: | August 13, 2018 – November 7, 2018 |
| Amount of Fees Sought: | $7,283.75 |
| Amount of Expense Reimbursement Sought: | $23.93 |
| This is an: | Final Application |

The aggregate amount of fees and expenses *awarded* to the Applicant to date for services rendered and expenses advanced previously is: $7,178.95.

{00127868}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Henry Guice**, | Bankruptcy No. 17-34515 |
| Debtor. | Honorable Pamela S. Hollis |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday, December 7, 2018, at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the Northern District of Illinois on the Second Floor of the Joliet City Hall building located at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the attached **Final Fee Application of FactorLaw** a copy of which is attached hereto and herewith served upon you.

Dated: November 7, 2018       **FactorLaw**

By: */s/ Ariane Holtschlag*
One of its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-4830
Fax:   (847) 574-8233
Email: aholtschlag@wfactorlaw.com

{00127868}                          2

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney, hereby certify that on November 7, 2018, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *Final Fee Application of FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

/s/ Ariane Holtschlag

**Registrants**
(Service via ECF)

| | |
|---|---|
| Ariane Holtschlag | aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;holtschlagar43923@notify.bestcase.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Peter N Metrou | trustee7@metandnem.com, met.trustee7@att.net,pmetrou@ecf.epiqsystems.com |
| Gerald Mylander | mcguckin_m@lisle13.com |
| Dana N O'Brien | dana.obrien@mccalla.com, NDistrict@mccalla.com |
| Toni Townsend | toni.townsend@mccalla.com, northerndistrict@mccalla.com |
| Edmund G Urban | bknotices@urbanburt.com;g.er69904@notify.bestcase.com |
| Xiaoming Wu | notice@billbusters.com, billbusters@iamthewolf.com;billbusters@ecf.inforuptcy.com;wuxr80263@notify.bestcase.com |

Service List
Case 17-34515

Patricia Guice
5320 W. 159th Street
Suite 501
Oak Forest, IL 60452-3335

Atg Credit Llc
1700 W Cortland St
Ste 2
Chicago, IL 60622-1131

Bank Of America
Nc4-105-03-14
Po Box 26012
Greensboro, NC 27420-6012

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2284

Blitt and Gaines PC
661 W. Glenn Avenue
Wheeling, IL 60090-6017

Chase Card
Attn: Correspondence Dept
Po Box 15298
Wilmington, DE 19850-5298

Chase Mortgage
Po Box 24696
Columbus, OH 43224-0696

(p)CITIBANK
PO BOX 790034
ST LOUIS MO 63179-0034

Citibank
PO Box 6500
Sioux Falls, SD 57117-6500

Credit One Bank Na
Po Box 98873
Las Vegas, NV 89193-8873

DuPage Medical Group
15921 Collections Center Dr.
Chicago, IL 60693-0159

Edward Health Ventures
Dept. 77-3471
Chicago, IL 60678-0001

FIRST NATIONAL BANK OF OMAHA
BRUMBAUGH & QUANDAHL, PC LLO
4885 S. 118TH ST, STE 100
OMAHA, NE 68137-2241

Fifth Third Bank
Attn: Bankruptch Department
1830 E Paris Ave Se
Grand Rapids, MI 49546-8803

Fifth Third Bank
PO Box 9013
Addison, Texas 75001-9013

First National Bank
Attn:  FNN Legal Dept
1620 Dodge St Mailstop Code 3290
Omaha, NE 68102-1593

JPMorgan Chase Bank, National Association
Bankruptcy Department
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203-4774

JPMorgan Chase Bank, National Association
c/o McCalla Raymer Leibert Pierce, LLC
Bankruptcy Department
1544 Old Alabama Road
Roswell, GA 30076-2102

Jh Portfolio Debt Equities LLc
5757 Phantom Dr Ste 225
Hazelwood, MO 63042-2429

Linden Oak Hospital Behavorial
Heal
852 West STreet
Naperville, IL 60540-6400

Merchants Credit
223 W Jackson Blvd
Ste 700
Chicago, IL 60606-6914

Michael S. Baim
The CKB Firm
30 N. LaSalle St., Ste 1520
Chicago, IL 60602-3387

Naperville Radiologists
801 S. Washington Street
Naperville, IL 60540-7430

Nationwide Credit & Collections
Attn : Bankruptcy
815 Commerce Dr Ste 270
Oak Brook, IL 60523-8852

PNC Bank
2730 Liberty Ave
Pittsburgh, PA 15222-4747

PNC Mortgage
Po Box 8703
Dayton, OH 45401-8703

PYOD, LLC its successors and assigns as assi
of MHC Receivables, LLC and FNBM, LLC
Resurgent Capital Services
PO Box 19008
Greenville, SC 29602-9008

Patricia Guice
13614 Rockefeller
Plainfield, IL 60544-1149

Paypal Credit Services
PO Box 960080
Orlando, FL 32896-0080

```
Pncbank                          Quantum3 Group LLC as agent for      Wells Fargo Bank NV NA
55th And Holmes                  JH Portfolio Debt Equities LLC       P O Box 31557
Clarendon Hills, IL 60514        PO Box 788                           Billings, MT 59107-1557
                                 Kirkland, WA  98083-0788


Wells Fargo Bank, N.A.           Henry Guice
1000 Blue Gentian Road           13614 Rockefeller Drive
N9286-01Y                        Plainfield, IL 60544-1149
Eagan, MN  55121-7700
```

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Henry Guice**, | Bankruptcy No. 17-34515 |
| Debtor. | Honorable Pamela S. Hollis |

**FACTORLAW'S FINAL APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Ariane Holtschlag and the Law Office of William J. Factor, Ltd. (collectively "*FactorLaw*"), counsel for Peter N. Metrou, not individually but as the chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of Henry Guice (the "*Debtor*"), hereby submits its final application (the "*Application*") pursuant to 11 U.S.C. §§ 330, 331, 503(b) and 507(a)(2) seeking compensation of **$7,283.75** for legal services performed by FactorLaw during the period of January 26, 2018 through June 15, 2018 (the "*Application Period*") and **$23.93** in expenses incurred in connection with those services. In support of its Application, FactorLaw states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

{00127868} 4

## BACKGROUND

4. On November 17, 2017, (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**"), thereby initiating the Case.

5. On February 16, 2018, the Court approved the Trustee's retention of FactorLaw effective retroactively as of January 26, 2018 to investigate certain assets of the Estate.

6. Among the assets of the estate are two parcels of real estate commonly known as 13614 Rockefeller Circle in Plainfield, Illinois (the "**Residence**") and 13810 West Jonesport Court in Plainfield, Illinois (the "**Rental Property**") which the Debtor disclosed and asserted exemptions in as follows:

| Description | Value | Exemption | Statutory Basis |
|---|---|---|---|
| 13614 Rockefeller Cir. Plainfield, IL 60544 Debtor's Residence Tenancy by the Entirety | $344,789 | 100% | 735 ILCS 5/12-112 |
| 13810 W. Jonesport Ct. Plainfield, IL 60544 Tenancy by the Entirety | $199,732 | 100% | 735 ILCS 5/12-112 |

7. On January 29, 2018, the Trustee filed an objection to the Debtor's claim of a Tenancy by the Entirety exemption under 735 ILCS 5/12-112 as to the Rental Property.

8. On February 16, 2018, this Court sustained the Trustee's objection to the Debtor's claim of exemption in the Rental Property.

9. On March 7, 2018, the Trustee filed a complaint against the Debtor's non-filing spouse, Patricia Guice ("**Patricia**"), seeking authority to sell the jointly owned Rental Property (the "**Adversary Proceeding**").

10. On April 6, 2018, Patricia having failed to file an answer in the Adversary Proceeding, the Trustee filed a motion for default and default judgment against Patricia.

11. On April 13, 2018 an initial status hearing was held in the Adversary Proceeding as well as a hearing on the Trustee's motion for

{00127868}   5

default and default judgment. Ultimately the matter was continued to May 4, 2018.

12. After the hearing, the Trustee and Patricia engaged in extensive settlement discussions during which time terms were reached pending papering and approval by this Court.

13. On April 15, 2018, the Trustee drafted a settlement agreement in accordance with the terms discussed with Patricia and thereafter circulated the settlement agreement to Patricia for signature.

14. Patricia never signed the settlement agreement.

15. On May 4, 2018, the Trustee's motion for default and default judgment (the "***Judgment***") was granted in the Adversary Proceeding.

16. Thereafter, the Trustee began taking steps to enforce his Judgment and liquidate the Rental Property.

17. On May 14, 2018 the Debtor filed a motion to convert his case from a proceeding under Chapter 7 to a proceeding under Chapter 13, which was granted on June 8, 2018.

18. On July 13, 2018, this Court granted FactorLaw's application for compensation and reimbursement of expenses for the period of January 26, 2018 through June 15, 2018 in the total amount of $7,178.95.

19. On August 10, 2018, the Debtor reconverted his case from a proceeding under Chapter 13 to a proceeding under Chapter 7.

20. Thereafter, the Trustee was reappointed and FactorLaw re-employed, effective August 13, 2018.

21. Again, the Trustee proceeded to pursue liquidation of the Rental Property while engaging in settlement discussions with Patricia.

22. This Court approved a settlement with Patricia for $40,000 on September 21, 2018.

# FEE APPLICATION

## I. Services performed.

23.  FactorLaw maintains contemporaneous written records of the time expended by its professionals.

24.  Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

### 1. *Summary of Services by professional.*

25.  FactorLaw spent a total of 23.7 hours at a cost of $7,283.75 in connection with this Case during the Application Period.

26.  A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Partner | $350 | 19.4 | $6,685.00 |
| Danielle Ranallo | Legal Assistant | $100 | 2.9 | $290.00 |
| Elizabeth Peterson | Associate | $325 | 1.4 | $308.75 |
| | | **Totals:** | **23.7** | **$7,283.75** |

*A. Itemization of fees by category of Services rendered.*

27.  **Case Administration.** FactorLaw spent a total of 6.9 hours at a cost of $2,033.75 on matters relating to case administration including conversion.

28.  A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Partner | $350 | 4.7 | $1,645.00 |

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---:|---:|---:|
| Danielle Ranallo | Legal Assistant | $100 | 0.8 | $80.00 |
| Elizabeth Peterson | Associate | $325 | 1.4 | $308.75 |
| | | Totals: | 6.9 | $2,033.75 |

29. **Asset Disposition.** FactorLaw spent a total of 10.0 hours at a cost of $2,975.00 on matters relating to liquidation of the Rental Property.

30. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---:|---:|---:|
| Ariane Holtschlag | Partner | $350 | 7.9 | $2,765.00 |
| Danielle Ranallo | Legal Assistant | $100 | 2.1 | $210.00 |
| | | Totals: | 10.00 | $2,975.00 |

31. **Settlement.** FactorLaw spent a total of 6.8 hours at a cost of $2,275.00 on matters relating to negotiating and obtaining approval for the settlement with Patricia.

32. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---:|---:|---:|
| Ariane Holtschlag | Partner | $350 | 6.8 | $2,275.00 |
| | | Totals: | 6.8 | $2,275.00 |

**II. Expenses**

33. FactorLaw incurred $23.93 in actual and necessary expenses related to this Case. A copy of the expense record is attached hereto as **Exhibit 2**.

34. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

### III. FactorLaw's retention was appropriate through the Application Period

35. During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

36. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

37. Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

38. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

39. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

40. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

41. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $307.33. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the

FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$7,283.75**;

B. Authorizing reimbursement of FactorLaw for actual and necessary expenses in the amount of **$23.93**;

C. Authorizing the Trustee to pay FactorLaw the allowed compensation and reimbursement of expenses in the total amount of **$7,307.68**; and

D. Granting such other relief as the Court deems just and equitable.

Dated: November 7, 2018                              **FactorLaw**

                                                     By: */s/ Ariane Holtschlag*
                                                     One of Its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

{00127868}                              11